JOSEPH S. ELLISON, Appellant, v. J. G. STOCKTON et al.,
Appellees.

**APPEAL AND ERROR:** Harmless Error—Exclusion of the Unneces-
sary. The exclusion of testimony tending to prove a fact other-
wise fully established can work no prejudice.

**TRIAL:** Instructions—Withdrawal of Issues. Issues which have, dur-
ing the trial, become wholly immaterial may be withdrawn, and the
testimony bearing thereon may be left in the case, in so far as it
has bearing on the remaining issues.

**VENDOR AND PURCHASER:** Rescission—Laches. Principle reaf-
firmed that the rescission of a contract of purchase because of false
representations inducing the contract must be exercised within a
reasonable time after discovery of the fraud. Instructions reviewed,
and held to properly present the issue.

**FRAUD:** Evidence—Extent of Proof. Principle reaffirmed that the
law will not presume fraud. Instructions reviewed, and held proper.

*Appeal from Linn District Court.*—F. F. DAWLEY, Judge.

OCTOBER 17, 1922.

REHEARING DENIED MARCH 17, 1923.

ACTION at law, to recover damages for fraud in the sale of
real estate. Verdict and judgment for defendants. Plaintiff
appeals.—*Affirmed.*

*Redmond & Stewart* and *Voris & Haas,* for appellant.

*E. A. Johnson* and *F. L. Anderson,* for appellees.

ARTHUR, J.—I. By the terms of a written agreement, en-
tered into September 21, 1914, by and between appellees, as par-
ties of the first part, and appellant, as party of the second part,
the former agreed to convey a certain 240-acre farm, situated in
Linn County, Iowa, to the latter, on March 1, 1915, for a con-
sideration of $19,200, $5,000 to be paid on said date, and the

balance by a note, executed by appellant, payable to appellees, bearing 5 per cent interest, due in 10 years, and secured by first mortgage upon the farm. Before the time for performance arrived, appellant learned that the river cut off a part of the farm, and that it contained somewhat less than 240 acres. Thereupon, appellees agreed in writing to have the land surveyed, and to make a pro-rata reduction in the purchase price for whatever shortage the survey would disclose.

Appellant alleged in his original petition that appellees and their agents fraudulently represented to him that the soil was a black, sandy loam, and that the land was free from overflow; and asked judgment for $14,400. By a subsequent amendment to the petition, plaintiff further alleged that, on or about March 1, 1915, appellees again represented to him that the land was not subject to overflow, and that he was, by reason thereof, induced to pay $5,000 on the purchase price of said farm, and to execute a note and mortgage upon the land, to secure the payment of the balance; that the land did, in fact, overflow; and that plaintiff abandoned the same. He asked judgment for $5,000, with interest thereon at 6 per cent from March 1, 1915.

A survey of the farm disclosed a shortage of seven acres.

This is the second appeal of this case. Upon the former trial, a verdict was directed for the defendants. Judgment entered thereon was, however, reversed, and the cause remanded for a new trial. *Ellison v. Stockton*, 185 Iowa 979. The exceptions relied upon for reversal relate largely to the court's instructions. Error is, however, predicated upon a ruling of the court excluding answers to certain questions upon cross-examination, by which appellant sought to show that driftwood was gathered up on the farm by appellees' tenant. Whether the ruling was erroneous or not, it was without prejudice to appellant. The evidence showed without conflict that a portion of the farm was subject to overflow from the river. The only dispute in the evidence is as to the extent of the overflow.

1. Appeal and error: harmless error: exclusion of the unnecessary.

II. Evidence was offered by appellant as to the character of the soil, and to prove the alleged misrepresentations as to the same; but no evidence on which the jury could predicate damages on account thereof was offered. At the conclusion of all

the evidence, counsel for appellees moved the court to withdraw this issue from the jury. The motion was sustained. The evidence was not withdrawn, however, and the jury was left at liberty to consider it as bearing upon the other issue, so far as its materiality appeared. The ruling of the court was correct.

2. TRIAL:
instructions:
withdrawal of
issues.

Exceptions to certain paragraphs of the court's charge to the jury, withdrawing from its consideration the issue of alleged misrepresentations as to the character of the soil, are likewise without substantial merit.

III. John G. Stockton, one of the appellees, and appellant met at the farm in January, 1915, for the purpose of ascertaining the number of acres in the tract. Appellant and other witnesses testified that, while he and Stockton were standing on the ice on a pond covering seven or eight acres of the farm, and known as "Goose Lake," Stockton stated that the land did not overflow, and that the water in the lake was as high as it ever got. All other alleged representations as to the character of the soil and the freedom of the farm from overflow were made by the agents of appellees with whom appellant's negotiations were carried on. The so-called amendment or modification of the contract, wherein appellees agreed to have the land measured and a pro-rata reduction made in the purchase price for any shortage in acreage found to exist, was signed and delivered to appellant in January, 1915, and prior to the conversation between him and John G. Stockton at the farm. The court, in Paragraph 13 of its charge, instructed the jury that, as the conversation referred to occurred subsequent to the execution of the modification of the contract, any misrepresentations made by J. G. Stockton thereafter could not be considered as forming an inducement for appellant's acceptance of the modification of the contract, which was, in fact, signed only by appellees.

3. VENDOR AND
PURCHASER:
rescission:
laches.

In Paragraph 8 of its charge, the court instructed the jury that, if it found from the evidence that J. G. Stockton himself made misrepresentations to appellant, as alleged in his petition, then plaintiff would be entitled to recover. The court, however, in the same paragraph further instructed the jury that, if it did not so find, its verdict should be for the defendants, unless it

further found that the alleged misrepresentations were made by the defendants' agents, and that appellant notified appellees of such misrepresentations within a reasonable time after he discovered the falsity thereof. The evidence showed that appellant, on January 15, 1916, notified appellees, by letter, that the soil of the farm was not a black, sandy loam, and that practically all of it was subject to overflow, and demanded the return of the $5,000 paid, or credit upon the purchase price at $80 per acre for the portion of the farm subject to overflow, at the option of appellees. The court, in its instructions, referred specifically to this letter, and instructed the jury that, unless the same was sent to appellees within a reasonable time after the discovery of the falsity of the alleged representations, plaintiff could not recover. This instruction is not happily phrased, but it is reasonably clear, and we think that the jury could not have been misled thereby.

It is urged, on behalf of appellant, that the jury should have been permitted to find that he did not accept the modification of the contract until after the conversation had by him with J. G. Stockton at the farm, on the day the survey was had. This instruction was evidently intended to avoid a misapprehension on the part of the jury as to the effect of certain allegations of appellant's amendment to his petition. Appellant did not, in writing, accept the modification of the contract; but the parties met at the farm in pursuance thereof, and a deduction of the purchase price for seven acres was made from the agreed consideration. The modification, therefore, must have been accepted before the parties met to survey the farm. In any event, the court specifically told the jury, in Instruction 8, that, if it found that the alleged misrepresentations were made by John G. Stockton at the time of the survey of the shortage, a verdict should be returned in favor of plaintiff. The evidence shows clearly that whatever misrepresentations, if any, were made by John G. Stockton at the time the land was surveyed, were made before the $5,000 was paid, and the transaction finally consummated.

Appellant seeks to recover a portion of the purchase price paid, upon the theory of a rescission of the contract. We are not to be understood as approving Paragraph 8 of the court's

charge to the jury. We hold only that the same could not well have been prejudicial to appellant.

It is contended by counsel for appellant that the court, in Paragraph 8, gave improper emphasis and effect to the letter written by appellant on January 15, 1916, to appellees. The emphasis, however, could have had no other effect than to advise the jury that, if appellant elected to rescind the contract on account of the shortage charged, he must do so within a reasonable time. This is the law. *Ellison v. Stockton,* supra.

IV. The court, in another instruction, told the jury that it could not find fraud from mere conjecture or inference, and that the burden was on the appellant to prove the same by a preponderance of the evidence. The complaint is of the use of the word "inference" in the instruction, and it is claimed that the jury had a right to infer fraud from the evidence. The jury were not told thereby, nor could it have reasonably so interpreted the instruction, that it should not draw all fair and reasonable inferences from the testimony. The instruction must be read as a whole. No instructions appear to have been asked upon this point by counsel; and while the instruction given might have been made more complete, it was not erroneous.

4. FRAUD: evidence: extent of proof.

We have examined all of the propositions urged by appellant for reversal. We find no reversible error in the record. The judgment of the court below is, therefore, affirmed.— *Affirmed.*

STEVENS, C. J., EVANS and FAVILLE, JJ., concur.